IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SANGERNETTA MASON**                                                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:10cv500-HSO -JMR**

**THE UNITED STATES**                                                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Plaintiff's Motion [2-1] to proceed *in forma pauperis* for the purpose of filing this civil action.

"A grant of leave to proceed *in forma pauperis* is made by considering only a petitioner's economic status." *Cay v. Estelle*, 789 F.2d 318, 322 (5th Cir. 1986), *overruled in party by Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (citing 28 U.S.C. § 1915(a) and *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)); *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1993).  The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court. *Willard v. U.S.*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd*, 422 F.2d 810 (5th Cir. 1970). "Leave to proceed *in forma pauperis* is a privilege not a right." *Evensky v. Wright*, 45 F.R.D. 506, 507.  It is true that "the poor should have access to our courts . . . [b]ut something more than the mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*.." *Id.* at 507-508.  "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Id*. at 507 (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).

Reviewing Plaintiff's IFP Application, the Court notes that Plaintiff's assets, including

monthly income, exceeds her liabilities. (*See* Pl.'s Mot. [2-1].)  Furthermore, Plaintiff values her home at $40,000.00 and other real estate at $10,000.00. *Id.* at 3.  Also, Plaintiff owns a 2008 motorcycle, which she values at $800.00. *Id.*  Plaintiff also has $422.00 cash on hand and $403.00 in a bank account. *Id.* at 2.  In addition, Plaintiff is owed $750.00, and the Court also notes that Plaintiff's reported monthly income exceeds her reported monthly expenses.  Therefore, this Court, having examined the Complaint and the IFP application, is of the opinion that the Plaintiff's Motion [2-1] to Proceed IFP is not well-taken and should be denied.

As is usual in cases where a party is proceeding *pro se*, the Court will take precautions to protect Plaintiffs' rights and will instruct them on trial procedure.  Therefore, it is,

RECOMMENDED that the Plaintiff's Motion [2-1] for Leave to Proceed IFP be denied.  It is further,

RECOMMENDED that the Plaintiff must pay the required filing fees to the Clerk of Court for the Southern District of Mississippi, Southern Division, Dan M. Russell Jr., United States Courthouse, 2012 15th Street, Suite 403, Gulfport, Mississippi, 39501 within 20 days from the date of entry of this order, or by no later than February 23, 2011.  If the filing fee is paid by the Plaintiff or someone other than the Plaintiff, there must be a written explanation that the money is being submitted as payment for the filing fee in this case, Civil Action No. 1:10cv500-HSO-JMR, on behalf of the Plaintiff, Sangernetta Mason.  It is further,

RECOMMENDED that if the filing fee is not received within the period specified above, this matter will be dismissed without further notice to the Plaintiff.  It is further,

RECOMMENDED that the Plaintiff's failure to properly serve this complaint upon the Defendant within 120 days after the payment of the filing fee may result in the dismissal of this suit.

For the reasons stated in this Report and Recommendation, the Plaintiff's Motion [2-1] to

Proceed IFP should be dismissed with prejudice.  In accordance with the rules of this Court, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The district judge at that time may accept, reject or modify in whole or part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal, unobjected to proposed factual findings and legal conclusions accepted by the district Court. 28 U.S.C. § 636(b)(1); *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[1]

THIS the   3rd   day of February, 2011.

                                               s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.